UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SALAMATU FORTE,

Plaintiff,

v.

WATERFORD GREEN LIMITED PARTNERSHIP, ET AL.,

Defendants.

Civil No. 01-1706 DWF/AJB

ORDER

---

WHEREAS, the parties settled this matter on the 4th day of April, 2003, by telephonic conference with the undersigned, and

WHEREAS, the Court following the settlement directed the attorneys to endeavor to reduce their agreement to writing, and

WHEREAS, the Court has been advised by their lawyers that a disagreement has arisen concerning whether a term or condition should be included in the written agreement, and

WHEREAS, the Court has considered the Settlement Agreement and Release language suggested by both sides, and having considered the attorneys argument and the record herein hereby makes the following Order:

1. That the attached Settlement Agreement and Release is a true and correct statement of the settlement agreement reached between the parties hereto. The parties are directed to execute the same. Even in the absence however of signatures, the agreement between the parties is final and complete as set forth in the attached Settlement Agreement and Release, without further

Filed MAY 0 6 2003
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

action of the parties save and except for the Defendant's forwarding to Plaintiff's attorney the list of specific apartment complexes managed by the Defendant's as set forth in paragraph 3 of the Settlement Agreement and Release. Said list of specific apartment complexes must be provided to Plaintiff's counsel within 5 days of the date hereof.

Dated: 5/5/03

ARTHUR J. BOYLAN
United States Magistrate Judge

**SETTLEMENT AGREEMENT AND RELEASE**

WHEREAS, the undersigned, Salamatu Sonnoh Forte (hereinafter referred to as "Plaintiff") leased an apartment at Waterford Green Apartments, owned by Waterford Green Limited Partnership, managed by Redevco, Inc. and by apartment site manager Dawn Metcalf (hereinafter collectively referred to as "Defendants");

WHEREAS, Plaintiff vacated the apartment she leased from Defendants in June, 2000.

WHEREAS, before and after she vacated the apartment, Plaintiff claimed misconduct on the part of Defendants including but not limited to discrimination based on her membership in several protected classes.

WHEREAS, Defendants have denied and continue to deny any and all allegations of unlawful or improper conduct alleged by Plaintiff.

WHEREAS, Plaintiff and Defendants have agreed to a full and final settlement of all disputed issues between them;

NOW, THEREFORE, in consideration for the mutual promises of the parties hereto, and other good and valuable consideration, and to fully and completely resolve all disputes, Plaintiff and Defendants, and their respective counsel agree as follows:

1. Payment: In settlement and consideration of a Release of any and all claims by Plaintiff, asserted and unasserted, including but not limited to claims that were or could have been asserted by Plaintiff, Defendants will pay to Plaintiff the sum of Six Thousand and 00/100 Dollars ($6,000.00).

2. Plaintiff's Release of Claims: In consideration of the Payment set forth in paragraph one (1) of this Agreement, the sufficiency of which is hereby admitted, Plaintiff, in her capacity as an individual, for herself, her heirs, executors and assigns, does hereby release and forever discharge Defendants and any of Defendants' parent corporations, subsidiaries, affiliated corporations, divisions, insurers, indemnitors, or assigns, and from:

   a. any and all claims relating to or arising from Plaintiff's housing relationship or lease contract with Defendants;

b. any and all claims under the law of any jurisdiction including, but not limited to; lease termination in violation of public policy; discrimination; retaliation; breach of contract, both express and implied; breach of a covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; negligent hiring, supervision or retention; personal injury; assault; battery; invasion of privacy; false imprisonment and conversion;

c. any and all claims for violation of any federal, state or municipal statute, including specifically but in no way limited to: the Fair Housing Act; the Civil Rights Act, and The Minnesota Human Rights Act;

d. any and all claims for violation of the federal or any state constitution;

e. any and all claims arising out of any other laws or regulations relating to housing or housing discrimination; and

f. any and all claims for attorneys' fees and costs.

3. No Reapplication: Plaintiff agrees not to apply for or accept housing with Defendants at the specific apartment complexes managed by the Defendants, a list of which has been provided to Plaintiff's counsel and said list attached hereto as Exhibit A. This agreement not to apply at Defendant's apartment complexes shall expire on June 1, 2006. Plaintiff further specifically agrees that this agreement, and her promises under this agreement, constitute a legitimate, non-discriminatory basis for Defendants, and any of the specific apartment complexes listed on Exhibit A, to refuse to contract with Plaintiff in the lease or other housing agreements.

4. Entire Agreement: The terms of this Agreement supercede all prior and written agreements and communications between the parties. Plaintiff and her counsel, and Defendants and their counsel, agree that this Agreement contains all of the agreements between them, and that they have no other written or oral agreements.

5. Representation: The parties acknowledge that they have been represented by their own attorney in this matter, have fully negotiated this Agreement, and have not relied upon statements made by the other party, their agents, or attorneys in agreeing to sign this Agreement.

6. Counterparts: This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

7. Severability: If any provision of this Agreement is held to be illegal, invalid or unenforceable under the present or future laws, rules, or regulations, such provision shall be fully severable and this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the

illegal, invalid or unenforceable provisions or by its severance from this Agreement. The undersigneds hereby declare the terms of this Release have been completely read and are fully understood and voluntarily accepted. The undersigneds further hereby acknowledge that this Release is not a mere recital, but constitutes a binding contract of settlement.

IN WITNESS WHEREOF, the undersigneds do hereby set their hands and seals this

_______ day of ____________________, 2003.

______________________________________
Salamatu Sonnoh Forte

Subscribed and sworn to before me
this ___ day of _____________ 2003.

______________________________
Notary Public

Approved as to form
and content:

_________________________________
Jordan Kushner, Esq.
Attorney for Plaintiff, Salamatu Sonnah Forte

REDEVCO, INC.

By: ______________________________

Its: ______________________________

Subscribed and sworn to before me
this ___ day of _____________ 2003.

______________________________
Notary Public

WATERFORD GREEN LIMITED PARTNERSHIP

By: ______________________________

Its: ______________________________

Subscribed and sworn to before me
this ___ day of _____________ 2003.

______________________________
Notary Public

______________________________
Dawn Metcalf

Subscribed and sworn to before me
this ___ day of _____________ 2003.

______________________________
Notary Public

Approved as to form
and content:

______________________________
Patrick J. Sauter, Esq.
Leondra M. Hanson, Esq.
Attorney for Defendants, Waterford Green Apartments,
Redevco, Inc.; and Dawn Metcalf

974421-